UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN DEVON HOLLAND,

Petitioner, Case Number: 2:07-CV-11004

v. HONORABLE AVERN COHN

SHERRY BURT,

Respondent.
_______________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Marlin Devon Holland (Petitioner) is a state inmate at the Southern Michigan Correctional Facility in Jackson, Michigan. Petitioner filed a pro se petition for a writ of habeas corpus challenging his conviction for second-degree murder. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are not cognizable on habeas review, procedurally defaulted, and/or without merit. For the reasons which follow, the petition will be denied.

II. Background

On February 25, 2003, Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder. The plea stemmed from the armed robbery of a gas station during which Petitioner shot and killed the store clerk. In exchange for the guilty plea, the prosecutor reduced a first-degree murder charge to second-degree murder, and dismissed charges of felony murder, armed robbery, possession of a firearm by a felon,

felony firearm, and fourth habitual offender. The plea agreement also included a sentence agreement of 40 years maximum for the minimum sentence, and that the sentence would run concurrently with a sentence of 75 to 125 years on another conviction. On March 10, 2003, Petitioner was sentenced to 40 to 60 years' imprisonment.

On September 18, 2003, Petitioner filed a motion to withdraw his plea on the grounds that the court failed to comply with Michigan Court Rule 6.302(b)(4), when accepting the plea, rendering Petitioner's plea involuntary. Following oral argument, the trial court denied the motion on September 26, 2003.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

I. Whether the trial court abused its discretion and clearly erred in denying defendant's motion to withdraw plea after sentencing.

The Michigan Court of Appeals denied leave to appeal. People v. Holland, No. 251723 (Mich. Ct. App. Dec. 18, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. People v. Holland, No. 125480 (Mich. May 28, 2004).

Petitioner then filed a motion for relief from judgment in the trial court. Petitioner raised the following three claims of error: (1) defense counsel was ineffective; (2) Petitioner's waiver of his Sixth Amendment right to trial was not knowingly and understandably made when defendant pleaded guilty and his plea was induced by promises or threats not disclosed to the court at plea proceedings, and (3) the trial court

failed to comply with Mich. Ct. R. 6.302(B)(4) when accepting Petitioner's guilty plea. The trial court denied the motion. People v. Holland, No. 03-000939 (Wayne County Circuit Court Aug. 18, 2005).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. The circuit court erred in its opinion and order regarding the question of whether defendant is entitled to plea withdrawal where trial counsel was ineffective and the plea was not made voluntarily, knowingly, and understandingly, where trial counsel's advice to defendant was clearly erroneous, and counsel failed to ensure the plea proceedings were conducted in conformity with applicable procedural law and rules.

II. The circuit court erred in its opinion denying defendant's timely post-conviction request for a Ginther hearing where there was an offer of proof clearly indicating that erroneous and misleading advice was given to defendant by his trial counsel at the time of his plea, thus making defendant's plea legally involuntary, unknowing and not understandingly rendered.

III. The circuit court below erred in its opinion and order regarding whether defendant was deprived of his liberty without due process of law, where the court failed to comply with the mandates of MCR 6.302(B)(4), and the prosecutor and defense counsel said that it had; and the court failed to inquire of the prosecutor and defense counsel whether either was aware of any promises, threats or inducements made to defendant, other than those already disclosed by MCR 6.302(E).

Petitioner later filed a motion to add the following new grounds on appeal:

I. Defendant's sentence is constitutionally infirm because facts were considered, through the sentencing guidelines, [to which] he had not pled guilty, as a result he is entitled to resentencing.

II. Defendant has been denied equal protection and due process of law when he had been denied the right to appeal his plea based conviction as a matter of right.

The Michigan Court of Appeals denied Petitioner's motion to add new grounds and denied leave to appeal. People v. Holland, No. 267736 (Mich. Ct. App. July 27,

2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals (including those he attempted to add by amendment). The Michigan Supreme Court denied leave to appeal. People v. Holland, No. 132110 (Mich. Dec. 28, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I. The trial court abused its discretion and clearly erred in denying [Petitioner's] motion to withdraw plea after sentencing.

II. [Petitioner's] sentence is constitutionally infirm because facts were considered through the sentencing guidelines, that he had not pled guilty, as a result he is entitled to resentencing.

III. [Petitioner] has been denied equal protection and due process of law when he had been denied the right to appeal his plea based conviction as a matter of right.

IV. The circuit court erred in its opinion and order regarding the question of whether [Petitioner] is entitled to a plea withdrawal where trial counsel was ineffective and the plea was not made voluntarily, knowingly and understandingly, where trial counsel's advice to [Petitioner] was clearly erroneous, and counsel failed to ensure that the plea proceedings were conducted in conformity with applicable procedure law and rules.

V. The circuit court and Court of Appeals erred in their opinions denying [Petitioner's] timely post-conviction request for a Ginther hearing where there was an offer of proof clearly indicating that erroneous and misleading advice was given to [Petitioner] by his trial counsel as the time of his plea, thus making [Petitioner's] plea legally involuntary, unknowing, and not understandingly rendered.

VI. The circuit court and Court of Appeals erred in their opinions regarding whether [Petitioner] was deprived of his liberty without due process of law, where the courts failed to comply with the mandates of MCR 6.302(B)(4), and the prosecutor and defense counsel said that it had and the court failed to inquire of the prosecutor and defense counsel whether either was aware of any promises, threats or inducements made to [Petitioner], other than those already disclosed by MCR 6.302(E).

III. Standard of Review

Petitioner’s claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act “circumscribe[d]” the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. See Wiggins v. Smith, 539 U.S. 510, 520 (2003).

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## IV. Analysis

### A. Guilty Plea Claims

Petitioner's first, fourth, fifth, and sixth habeas claims all challenge the

circumstances surrounding his guilty plea. It is therefore appropriate to consider them together. In his first claim, Petitioner argues that the trial court erred in denying his motion to withdraw guilty plea because the trial court failed to comply with Michigan Court Rule 6.302(B)(4), when it accepted Petitioner's guilty plea and because his plea was involuntary where it was coerced by statements made by defense counsel. In his fourth claim, Petitioner alleges his trial counsel was ineffective by giving him erroneous advice and failing to ensure the plea proceedings were conducted in conformity with applicable law. In his fifth claim, Petitioner says that the state courts erred in denying him a hearing on his ineffective assistance of counsel claim stemming from his plea. In his sixth claim, Petitioner says he was denied due process because his plea was taken in conformity with the Michigan Court Rules.

Petitioner argues that his plea was involuntary because it was coerced by his attorney's statements that he would be found guilty if he proceeded to trial and would receive a sentence of mandatory life imprisonment. To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. U.S., 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. Id. at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

Ramos v. Rogers, 170 F.3d 560, 564 (6th Cir. 1999) (quoting Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner indicated that he understood the potential sentence he faced. He stated that he wished to plead guilty, that no promises had been made to him beyond that stated on the record regarding the plea agreement, and that no one had threatened him to convince him to plead guilty. Petitioner is "bound by his statements" during the plea colloquy. Ramos, 170 F.3d at 564 (internal quotation omitted). Moreover, assuming that defense counsel advised Petitioner as he claims, that is, that Petitioner would be convicted of first-degree murder if he proceeded to trial and then sentenced to life imprisonment, such advice does not constitute undue coercion. A defense attorney should assist a client in assessing the relative benefits of a proposed plea agreement. An attorney who thinks that a client's chances of acquittal are slim is wise to advise his client as much so that the client can assess the risks faced if the client chooses to proceed to trial. Thus, the Court finds that his claim that his plea

was not knowingly made is meritless. It is also clear that Petitioner received a benefit from the plea in that he avoided a non-parolable life sentence. Overall, Petitioner is not entitled to habeas relief on this ground.

Petitioner's claim that the trial court failed to comply with Michigan Court Rule 6.302(B)(4)[1] in accepting the plea is not cognizable on habeas review. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding that a court may not grant the writ of habeas corpus on the basis of a perceived error of state law). The Sixth Circuit has held:

> [i]n a [federal] habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law. Federalism requires that we accept the state Supreme Court's decision on state law as being correct as state courts must respect the decisions of federal courts on federal law.

Long v. Smith, 663 F.2d 18, 22-23 (6th Cir. 1981). Petitioner's claim alleges violations of state law. As such, he is not entitled to habeas relief on this claim.

Moreover, even if this claim was cognizable, it lacks merit. At the hearing on Petitioner's motion to withdraw the plea, the trial court specifically noted that Petitioner was asked whether the plea was the result of any promises or threats, to which Petitioner said no. The trial court also noted that Petitioner signed a form in which he acknowledged that by pleading guilty he would not be able to appeal the issue of

---

[1] M.C.R. 6.304(b)(4) states:
if the plea is accepted, the defendant will be giving up any claim that the plea was the result of promises or threats that were not disclosed to the court at the plea proceeding, or that it was not the defendant's own choice to enter the plea

whether the plea was the result of any promises or threats. Thus, the trial court concluded that to the extent it did not specifically inform Petitioner he could not appeal on this issue, the trial court substantially complied with the Michigan Court Rule and therefore there was no basis to allow Petitioner to withdraw his guilty plea.

Petitioner also claims that his counsel was ineffective in failing to ensure that his plea was valid and in failing to follow proper procedure. As noted above, the Court has found Petitioner's plea was valid and the trial court followed the proper procedure in obtaining it. Thus, it cannot be said that trial counsel was ineffective. It also follows that the state courts did not err in failing to grant him a hearing on his claim of ineffective assistance of counsel.

Overall, Petitioner has not shown that his guilty plea was obtained in violation of his constitutional rights.

B. Blakely Claim

In his second claim, Petitioner says that his sentence violates Blakely v. Washington, 542 U.S. 296 (2004), because it was based upon facts not found by a jury. Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003), citing Lambrix v. Singletary, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997). However, "[j]udicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix, 520 U.S. at 525, 117 S. Ct. at 1523. Here, the interests of judicial economy are best served by addressing the merits of this claim.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including second-degree murder. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 750.317; see also People v. Drohan, 475 Mich. 140, 160-61 (2006). In Blakely, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

Id. at 308-09. Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490.

Here, the sentencing court did not exceed the statutory maximum for Petitioner's crime. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because Blakely does not apply to indeterminate sentencing schemes like the one

utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. See Tironi v. Birkett, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007) ("Blakely does not apply to Michigan's indeterminate sentencing scheme."). Petitioner is therefore not entitled to habeas relief on this claim.

C. Right to Appeal Claim

In his third claim, Petitioner argues that his rights to equal protection and due process were violated when he was denied the right to appeal his plea-based conviction as a matter of right. Respondent argues that this claim is also procedurally defaulted. Again, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

The equal protection and due process clauses of the Fourteenth Amendment require that a state's procedure offers adequate and effective appellate review to indigent defendants, and a state's procedure provides such review so long as it reasonably ensures that an appeal will be resolved in a way that is related to the merit of that appeal. Smith v. Robbins, 528 U.S. 259, 276-277 (2000).

Here, Petitioner was not denied a right to appeal his conviction following his guilty plea. Although under Michigan's procedural rules, Petitioner had to file a delayed application for leave to appeal, rather than an appeal as of right, the Michigan Court of Appeals denied the application for lack of merit. Thus, his appeal was considered. The process of leave to appeal therefore provides the meaningful review required by the Constitution.

Moreover, there is no federal constitutional right to an appeal. See Abney v. United States, 431 U.S. 651, 656 (1977). The right of appeal, as presently known to

exist in criminal cases, “is purely a creature of statute,” and “in order to exercise that statutory right, one must come within the terms of the applicable statute” with regards to that right to appeal. Abney, 431 U.S. at 656. Thus, Petitioner is not entitled to habeas relief on this claim.

V.

For the reasons stated above, Petitioner is not entitled to habeas relief on any of his claims. Accordingly, the petition is DENIED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2009

I hereby certify that a copy of the foregoing document was mailed to Marlin Holland and the attorneys of record on this date, February 2, 2009, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160